Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 498 | DATE | Nov. 8, 2001 |
| CASE TITLE | U S ex rel Robert Houston   v   William D. O'Sullivan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, the court denies petitioner's petition for writ of habeas corpus. All remaining motions filed by petitioner are denied as moot.

(11) ☐ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 14 2001 date docketed | |
| | Docketing to mail notices. | | | 52 |
| | Mail AO 450 form. | | cm docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | 01 NOV 13 PM 4:52 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
NOV 1 4 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ROBERT HOUSTON, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM D. O'SULLIVAN, <br><br> Respondent. | No. 98 C 0498 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Robert Houston, an Illinois state prisoner who was convicted by a jury of first degree murder and unlawful use of a firearm by a felon, is currently serving a 30 year prison sentence. After an unsuccessful direct appeal and post-conviction petition, Houston has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising numerous arguments,[1] five of which are detailed below. Respondent has answered the petition and aptly addressed each of petitioner's claims. For the reasons set forth below, the court denies the petition.

---

[1] Petitioner's briefs in support of his petition total over 200 pages in length, excluding exhibits and other attachments. At various points in his briefs, petitioner makes arguments that were not properly brought before the Illinois Appellate Court; because petitioner has waived these arguments, the court does not address them. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).

## FACTS[2]

On August 1, 1990, petitioner shot and killed Calvin Thomas ("Thomas"), ending what can best be described as a "road rage" incident. Prior to the shooting, petitioner and his long-time friend Edward Johnson ("Johnson"), who testified for the State at trial, were out drinking alcohol together near 43rd and Vincennes in Chicago. At about 9:45 p.m., the two men left that location in petitioner's 1974 white and red Cadillac and headed toward Johnson's home. Johnson rode in the passenger's seat while petitioner, whose condition Johnson described as "pretty good" despite having a "few drinks," drove.

At about 10:00 p.m., as petitioner turned onto westbound 57th Street, Johnson noticed a dark pickup truck behind them. The driver of the truck, Thomas, was apparently in a hurry and was honking his horn and attempting to pass petitioner. Thomas pulled his truck up alongside petitioner's car and the two men exchanged profanities. Johnson piped in, telling Thomas that petitioner had been drinking and that he should go ahead of them. According to Johnson, Thomas responded by cursing at him and then reaching for something near his glove compartment. It was already past dusk and Johnson could not identify the item. Johnson did notice at this point, however, that petitioner was holding a gun.

Petitioner then stopped his car, and Thomas stopped his truck, at the intersection of 57th and Normal Avenue, and again the two men yelled at one another. When the signal turned green,

---

[2] This bare-bones recitation of the facts is drawn from the opinion of the Illinois Appellate Court, People v. Houston, No. 1-94-2141 (1st Dist. August 13, 1997) ("Houston"), which is presumed to be correct, see Abrams v. Barnett, 121 F.3d 1036, 1038 (7th Cir. 1997). For the sake of economy, some facts will be addressed in further detail in the discussion section below.

2

Thomas proceeded west and petitioner followed, until both vehicles once again stopped at the intersection of 57th and Normal.

At this time, Johnson says he told Thomas to "go ahead on" because petitioner had "had a few." Thomas allegedly reacted by telling his passenger to "get out and f--k them two n-gg-- s up." According to Johnson, the passenger got out of the truck and threw something at the windshield of petitioner's car. "[A]nd that was when I heard one shot and the truck speeded off," Johnson testified. The shot Johnson heard came from petitioner's gun; the bullet he fired at Thomas (who was sitting in his truck with his hands on the steering wheel) perforated his heart and lungs, killing him.

Petitioner maintains that he shot Thomas in self-defense.

## HABEAS CORPUS STANDARD

Relief may be awarded to petitioner only if the state court adjudication of his claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C §2254(d).

## DISCUSSION

Petitioner's first claim (and one he returns to numerous times throughout his briefs) is that his constitutional rights were violated when the prosecution knowingly used perjured testimony to achieve his conviction. See Schaff v. Snyder, 190 F.3d 513, 530 (7th Cir. 1999 ) (finding that a petitioner can establish a violation of the Due Process Clause of the Fourteenth Amendment by demonstrating that the prosecution knowingly used perjured testimony to obtain

3

a conviction). According to petitioner, the state elicited "false and misleading" testimony from every single witness it called to the stand at trial. The Illinois Appellate Court addressed this argument, finding it inadequate to establish a constitutional claim because petitioner was able to show only "mere inconsistencies" in some of the witnesses' testimony, which does not establish the government's knowing use of perjured testimony. See Houston at 56-57; United States v. Saadeh, 61 F.3d 510, 523 (7th Cir. 1995). The court agrees and therefore denies the petition for writ of habeas corpus on this ground.

Petitioner next claims that he was deprived of his right to a speedy trial under Illinois law. 725 ILCS 5/103-5(a) (stating that, "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant"). The Illinois Appellate Court addressed this argument as well, finding the 40-day delay prior to petitioner's trial attributable to him under subsection (a) of the Illinois speedy trial statute because it resulted from his filing of a motion for the appointment of new counsel, on which the lower court sought briefing. See Houston at 54-56; United States v. Ashford, 924 F.2d 1416, 1421 (7th Cir. 1991), cert. denied, 502 U.S. 828 (holding that a defendant is responsible for a delay caused by a motion that he files). Thus, petitioner's habeas corpus petition is also denied on this ground.

Petitioner's third argument is that the evidence presented against him was not sufficient to establish that he knowingly and intentionally committed first degree murder; rather, petitioner asserts that the evidence supports his self-defense claim. As explained by the Illinois Appellate Court, however, petitioner's argument fails because:

4

> [W]hen viewed in the light most favorable to the prosecution, the evidence presented revealed that [petitioner] and the victim had a verbal traffic altercation; that [petitioner] had been drinking and was armed with a hand gun; . . . that [Thomas' passenger] went in front of [petitioner]'s car and threw a bottle at [petitioner]'s windshield; . . . and that [petitioner] aimed and shot at . . . Thomas, who was unarmed and whose hands were on the steering wheel at the time, killing him. Any rational trier of fact could have found that this evidence established the elements of first degree murder beyond a reasonable doubt, insofar as it showed that [petitioner] knew that his acts would cause . . . Thomas' death, or at the very least that they created a strong probability of death or great bodily harm. In addition, a rational trier of fact could have concluded beyond a reasonable doubt that [petitioner]'s use of deadly force was not justified because it was not necessary to prevent imminent death or great bodily harm. In that regard, when viewed in a light most favorable to the State, the evidence was clear that the victim posed no imminent threat to [petitioner] whatsoever, whether deadly or otherwise, and that [petitioner] nevertheless shot and killed him.

Houston at 59-61; United States v. Saunders, 166 F.3d 907, 912 (7th Cir. 1999) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

The Illinois Appellate Court was similarly unmoved by petitioner's alternative argument that a second degree murder verdict or an involuntary manslaughter verdict "at most," were called for instead of the first degree murder conviction actually entered. The Houston court reasoned:

> [A]ny rational trier of fact could have found beyond a reasonable doubt that the evidence presented, when viewed in the light most favorable to the State, precluded a finding that [petitioner] only accidentally or unintentionally shot the victim, insofar as there was testimony that [petitioner] . . . aimed [his] gun at Thomas . . . [and shot him while his] hands were resting on the steering wheel of his vehicle. Moreover, a rational trier of fact could have found beyond a reasonable doubt that [petitioner] did not unreasonably (much less reasonably) believe that his use of deadly force against Thomas was justified, insofar as the evidence presented showed that when Thomas turned around, [petitioner] followed, and that when [petitioner] shot Thomas, Thomas posed no imminent threat to him.

Houston at 61-62; Saunders, 166 F.3d at 912; Jackson, 443 U.S. at 319.

This court agrees with the Illinois Appellate Court's reasonable, thoughtful answers to petitioner's sufficiency of the evidence claims. See Lindh v. Murphy, 96 F.3d 856, 871 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997) ("[W]hen the constitutional question is a matter of degree, rather than of concrete entitlements, a 'reasonable' decision by the state court must be honored. By posing the question whether the state court's treatment was 'unreasonable,' §§2254(d)(1) requires federal courts to take into account the care with which the state court considered the subject."). Thus, the court denies petitioner's habeas corpus petition on this ground.

Next is petitioner's claim that he was deprived of his right to a fair and impartial jury because of an outburst by the husband of one of the jurors at his trial.[3] Petitioner waived this argument, however, because he failed to challenge the juror's impartiality at trial. See Houston at 64 (citing People v. Henderson, 359 N.E. 2d 909 (1977); People v. Enoch, 522 N.E. 2d 1124 (1988)). Thus, respondent is correct that petitioner procedurally defaulted on this claim and that, further, he has failed to demonstrate cause for the default, actual prejudice as a result of the alleged violation of federal law, or that this court's failure to consider his claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Bocian v. Godinez, 101 F.3d 465, 468 (7th Cir. 1996).

This brings the court to the fifth and final argument raised by petitioner: his claim that the trial court erred in imposing his 30-year sentence. According to petitioner the court should have, but did not, take into consideration "the lack of the weight of the evidence against Petitioner's guilt, and the lack of any criminal background to speak of, his age and his potential

---

[3] According to the Illinois Appellate Court, the juror's husband angrily and disrespectfully told the trial judge that he would not bring his wife back the next day because doing so was inconvenient. The man was held in contempt, he apologized, and the juror fulfilled her duties thereafter. According to petitioner, this occurrence caused the juror to be partial and to vote with the majority to appease her husband (apparently by ending her service as soon as possible to avoid further inconvenience to her husband).

for rehabilitation under Illinois Constitution, Article I, Section 11." Simply put, petitioner's claim is not founded upon federal law and has not been shown to rise to the level of a federal constitutional violation. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990) and Pulley v. Harris, 465 U.S. 37, 41 (1984), for the proposition that federal habeas corpus relief does not lie for errors of state law"); see also Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir. 1990). Thus, the court denies petitioner's final claim.

## CONCLUSION

For the reasons set forth above, the court denies petitioner's habeas corpus petition. All remaining motions filed by petitioner are denied as moot.

**ENTER:** **November 8, 2001**

Robert W. Gettleman
United States District Judge